OPINION
{¶ 1} Appellant, Johnny Brewer, appeals his conviction in the Warren County Court of Common Pleas for unlawful sexual conduct with a minor. We affirm appellant's conviction.
 {¶ 2} In December 2002, appellant was indicted on one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), a third-degree felony. The indictment and a subsequent bill of particulars alleged that in July 2002 appellant, who was 27 years old at the time of the offense, engaged in vaginal intercourse with the 14-year-old victim at appellant's home in South Lebanon.
 {¶ 3} The common pleas court held a bench trial in January 2003, after which it convicted appellant of the offense for which he was indicted. The court subsequently sentenced appellant to three years in prison and classified him as a habitual sexual offender.
 {¶ 4} Appellant now appeals his conviction, raising four assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "The Trial Court Erred To The Prejudice Of Appellant And Abused Its Discretion When It Failed To Grant Appellant's Motions For A Mistrial When Appellant's Constitutional Due Process Rights And Right To A Fair Trial Had Been Violated."
 {¶ 7} In this assignment of error, appellant argues that the common pleas court erred by not granting his motions for a mistrial. Appellant argued in those motions that the state's failure to provide a more specific time frame for when the offense was committed violated his due process rights by denying him an adequate opportunity to defend himself.
 {¶ 8} The standard of review for a ruling on a motion for mistrial is abuse of discretion. State v. Couch, Butler App. No. CA2001-06-132,2002-Ohio-3347, at ¶ 22; State v. Simmons (1989), 61 Ohio App.3d 514,517. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. Koch v. Rist, 89 Ohio St.3d 250,252, 2000-Ohio-149.
 {¶ 9} In the indictment, the state alleged that appellant committed the offense "on or about the period of July, 2002[.]" Appellant subsequently filed a motion for a bill of particulars. The state's bill of particulars provided more details about the alleged offense, but again stated that the conduct took place "[o]n or about July, 2002[.]" At a preliminary hearing in November 2002, the victim testified that she thought the offense took place on July 13, 2002. In December 2002, appellant filed a motion for a more specific bill of particulars. The state then filed an amended bill of particulars, stating that the alleged offense took place "[o]n or about a Sunday in the middle to late July, 2002[.]" Appellant and the state stipulated at trial that appellant was in jail from July 2 to July 16, 2002.
 {¶ 10} At trial, the victim testified that she did not remember precisely when the offense took place. She knew that the offense occurred in the early morning hours of a Monday, after she spent Sunday night with appellant at his home. She also knew that the offense occurred in July 2002, and thought it was during the third week. She testified that she was mistaken about the July 13, 2002 date she testified to at the preliminary hearing.
 {¶ 11} In State v. Sellards (1985), 17 Ohio St.3d 169, the Ohio Supreme Court stated that "the failure to provide dates and times in an indictment will not alone provide a basis for dismissal of the charges." Id. at 171. The court continued: "A certain degree of inexactitude of averments, where they relate to matters other than the elements of the offense, is not per se impermissible or necessarily fatal to a prosecution." Id.
 {¶ 12} However, the Sellards court emphasized that the state has a duty to exercise good faith in providing the accused with information as to the date and time of the offense. Id. at 171-172. The court said that the state must, in response to a motion for a bill of particulars, supply specific dates and times with regard to an alleged offense when it possesses such information. Id. at 172. The court further added that even when the state is unable to provide more specific dates and times, such inexactitude may be fatal to a prosecution if the inexactitude "truly prejudices the accused's ability to fairly defend himself." Id.
 {¶ 13} This court has noted that "[t]here are many instances when the state is unable to supply exact times and dates, especially in cases involving victims who are young children who may not be able to remember exact dates or when the crimes involve several instances of abuse spread out over an extended period of time." State v. Smith (Dec. 30, 1991), Butler App. No. CA91-06-104. "[A]bsent material detriment to the preparation of a defense, the omission of specific dates and times is without prejudice, and without constitutional significance." State v.Barnecut (1988), 44 Ohio App.3d 149, 151.
 {¶ 14} We find that the state's failure to provide a more specific date or range of dates did not violate appellant's due process rights. First, we find that the state did not violate its duty to act in good faith and provide more specific dates for the commission of the offense. The record gives no indication that the state had information of a date more specific than the range of dates listed in the amended bill of particulars.
 {¶ 15} Second, we find that the state's inability to provide a more specific date did not materially prejudice appellant's ability to present an adequate defense. Appellant could still legitimately argue and did argue his alibi defense to the trier of fact. The trier of fact was aware that appellant was indisputably jailed from July 2 to July 16, 2002. The trier of fact could believe appellant's alibi defense or believe the testimony of the victim and other witnesses that the offense occurred after appellant was released from jail, but still in July 2002, as alleged in the indictment.
 {¶ 16} We also note that the trial judge offered to order a continuance so that appellant could have an adequate opportunity to adjust his defense to the victim's trial testimony. However, appellant opted to proceed with his defense. This fact further supports the conclusion that appellant was not prejudiced by the state's failure to provide a more specific time frame in the indictment, bill of particulars, and amended bill of particulars. See State v. Gardner (Sept. 28, 1992), Clermont App. Nos. CA91-10-083, CA92-01-008.
 {¶ 17} We are aware of language in Sellards suggesting that prejudice occurs in situations where an accused has an indisputable alibi such as incarceration for part of the indictment period, and the state is unable to narrow the time period in the indictment. See Sellards,17 Ohio St.3d at 172. However, we read this language to be dicta and do not follow it in this case. We fail to see prejudice in a case such as this where the state was as specific as it could be with regard to the time period, and the accused could still legitimately present his alibi defense to the trier of fact. In this case, the trier of fact could choose to believe the state's witnesses or appellant's alibi defense. We do not find that appellant's ability to adequately defend himself was "truly prejudiced" in these circumstances.
 {¶ 18} Accordingly, we find that the common pleas court did not abuse its discretion in denying appellant's motion for a mistrial. Appellant's first assignment of error is overruled.
 {¶ 19} Assignment of Error No. 2:
 {¶ 20} "The Trial Court Erred To The Prejudice Of Appellant And Abused Its Discretion When It Failed To Conduct An in Camera Inspection Of The Grand Jury Testimony And The Preliminary Hearing Transcript."
 {¶ 21} In this assignment of error, appellant argues that the common pleas court should have conducted an in camera inspection of the grand jury proceedings to determine whether the state intentionally withheld information of a more precise date on which the offense was committed. Appellant argues that because the victim testified at trial to a time frame significantly different than the time frame alleged in the indictment and the amended bill of particulars, he can show a particularized need for such an inspection.
 {¶ 22} An accused's request for an in camera inspection of grand jury transcripts will not succeed unless the ends of justice require it and the accused demonstrates a "particularized need" for the inspection that outweighs the need for the secrecy of grand jury proceedings. SeeState v. Benge, 75 Ohio St.3d 136, 145, 1996-Ohio-227, citing State v.Greer (1981), 66 Ohio St.2d 139, paragraph two of the syllabus. "Particularized need" will be found where the circumstances reveal a probability that the failure to inspect the grand jury testimony will deny the defendant a fair trial. Benge, 75 Ohio St.3d at 145. The determination of whether the accused has shown the requisite "particularized need" is a matter left to the trial court's discretion. Id.
 {¶ 23} Appellant relies on State v. Sellards to support his argument. In Sellards, the court held that the trial court should have conducted an in camera inspection of the grand jury proceedings because the accused demonstrated a "particularized need" for such an inspection. Id., 17 Ohio St.3d at 173. In Sellards, several witnesses at trial narrowed the wide time frame in the indictment to specific days. One of the witnesses testified that he told the police about an alleged incident of sexual conduct the day it occurred, making it difficult to believe that the state could not have narrowed the time frame in response to requests by the accused. Additionally, the Sellards court noted that the state became aware of a more precise date for one of the offenses the day prior to trial, but did not disclose that date to the accused. Id. at 173. In sum, the record in Sellards suggested that the state intentionally withheld information as to the specific dates when the offense was committed. Therefore, the court in Sellards ordered the trial court to conduct an in camera inspection.
 {¶ 24} We find that the common pleas court did not abuse its discretion in failing to conduct an in camera review of the grand jury proceedings in this case. Appellant failed to demonstrate the requisite "particularized need." Unlike Sellards, the record in this case does not indicate a likelihood that the state intentionally withheld information. Nothing in the record suggests that the state might have known a more precise time frame than the one it provided.
 {¶ 25} Additionally, unlike Sellards, the victim's testimony in this case as to the time frame was not radically different from the time frame provided by the state. The victim could not remember the precise date of the offense when she testified at trial. She remembered that the offense took place in July 2002 in the early morning hours of a Monday, and that she thought it took place during the third week of July. The state's latest response to appellant's bill of particulars request was that the offense took place on a Sunday in mid to late July 2002. We do not find that this discrepancy indicates any wrongdoing on the part of the state, nor do we find that it mandates an in camera inspection of the grand jury transcript.
 {¶ 26} Based on the record before us, we find that the common pleas court's failure to inspect the grand jury proceedings did not deny appellant a fair trial and did not amount to an abuse of discretion. Accordingly, appellant's second assignment of error is overruled.
 {¶ 27} Assignment of Error No. 3:
 {¶ 28} "The Trial Court's Decision Was Against The Manifest Weight Of The Evidence."
 {¶ 29} In this assignment of error, appellant argues that his conviction was against the manifest weight of the evidence. Specifically, appellant argues that his conviction was against the manifest weight of the evidence because, according to appellant, there was no credible evidence presented as to the time frame the offense occurred.
 {¶ 30} When reviewing a manifest weight of the evidence claim, an appellate court must examine the evidence presented, including all reasonable inferences that can be drawn from it, and consider the credibility of the witnesses, to determine whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the decision must be reversed and a new trial ordered. State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52.
 {¶ 31} It must be remembered that the weight to be given the evidence presented and the credibility of the witnesses are primarily matters for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The trier of fact's decision is owed deference since the trier of fact is "best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."State v. Swartsell, Butler App. No. CA2002-06-151, 2003-Ohio-4450, at ¶ 34, citing Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. State v. Shahan, Stark App. No. 2002 CA 00163, 2003-Ohio-852, at ¶ 24, citing C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279.
 {¶ 32} R.C. 2907.04(A) provides as follows:
 {¶ 33} "No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."
 {¶ 34} R.C. 2907.04(B)(3) provides that if the offender is ten or more years older than the victim, the offense is a third-degree felony. "Sexual conduct" includes vaginal intercourse. R.C. 2907.01(A).
 {¶ 35} We find competent credible evidence going to all the essential elements of the offense. The victim testified that appellant engaged in vaginal intercourse with her in July 2002. The victim testified that, before appellant engaged in vaginal intercourse with her, she told him she was 15 years old, though she was actually 14 years and ten months old. Evidence in the record shows that appellant was 27 years old at the time of the offense. The victim's mother testified at trial that appellant admitted to her that he had vaginal intercourse with the victim. Appellant's cousin also testified at trial that appellant admitted to her that he had vaginal intercourse with the victim.
 {¶ 36} Appellant claims that his conviction is against the manifest weight of the evidence because there was no credible evidence as to the time frame of the offense. However, the precise date the criminal conduct occurred is not an essential element of this offense. SeeSellards, 17 Ohio St.3d at 169. It is sufficient to prove that the offense occurred at or about the date charged in the indictment, see id., which the state did.
 {¶ 37} While the victim did not testify to the precise date the offense occurred, she clearly testified to the essential elements of the offense: that appellant engaged in vaginal intercourse with her and that he knew her age. Testimony from her mother and appellant's cousin supported her testimony. No other witnesses testified at trial.
 {¶ 38} Based on our review of the record, we find competent, credible evidence supporting the essential elements of the offense. Therefore, we find that appellant's conviction was not against the manifest weight of the evidence. Accordingly, appellant's third assignment of error is overruled.
 {¶ 39} Assignment of Error No. 4:
 {¶ 40} "The Trial Court Erred To The Prejudice Of Appellant When It Ordered Him To Pay His Court Appointed Counsel's Costs."
 {¶ 41} We find this assignment of error to be moot. The common pleas court issued an amended judgment entry (filed June 2, 2003), removing the language from the original judgment entry that ordered appellant to pay the cost of his court appointed counsel.
 {¶ 42} Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.