OPINION
{¶ 1} Defendant-appellant, Thomas Rogers, appeals from the judgment entries of the Butler County Court of Common Pleas convicting him of two counts of rape, one count of sexual battery and two counts of pandering sexually oriented matter involving a minor, and sentencing him to an aggregate of 25 years in prison. We reverse the judgment of the trial court as to sentencing only and remand the case for resentencing. *Page 2 
 {¶ 2} This case concerns numerous sexual offenses committed by appellant against his adopted son, T.R., and T.R.'s best friend, J.R. In October 2004, T.R. and J.R. informed law enforcement officers they had been sexually abused by appellant on numerous occasions beginning in 1995 when both were children around the age of six. Specifically, they alleged appellant performed oral sex on each of them, showed them pornographic images involving minor children and photographed each of them in the nude.
 {¶ 3} The Butler County Children's Services Board had previously investigated allegations of sexual abuse against T.R. and J.R., as well as numerous other children, in 1996 after an eye-witness reported suspect behavior involving appellant and the children. Appellant was not prosecuted at that time, however, because all of the children interviewed, including the instant victims, maintained that the allegations were false. Several years later, however, T.R. and J.R. decided to come forward and inform law enforcement that the allegations were, in fact, true.
 {¶ 4} Accordingly, on February 28, 2005, appellant was indicted on two first-degree felony counts of rape pursuant to R.C. 2907.02(A) (1 )(b), one third-degree felony count of sexual battery pursuant to R.C.2907.03(A)(5), two second-degree felony counts of pandering sexually oriented matter involving a minor pursuant to R.C. 2907.322(A)(1) and two fourth-degree felony counts of pandering sexually oriented matter involving a minor pursuant to R.C. 2907.322(A)(5). Appellant was convicted of both counts of rape, both counts of pandering pursuant to R.C. 2907.322(A)(5) as well as sexual battery. He was later sentenced to an aggregate of 25 years in prison for the offenses. Appellant now appeals both his convictions and sentence, arguing the trial court erred in denying various pretrial motions, and sentenced him in contravention to *Page 3 
the Ohio Supreme Court's decision in State v. Foster.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT VIOLATED [APPELLANT'S] DUE PROCESS RIGHTS BY DENYING HIS MOTION TO DISMISS THE INDICTMENT ON THE GROUNDS OF IT BEING BARRED BY THE STATUTE OF LIMITATIONS."
 {¶ 7} In his first assignment of error, appellant contends the trial court violated his due process rights by denying his motion to dismiss the indictment where the indictment was time-barred by the applicable statute of limitations. Specifically, appellant contends the six-year statute of limitations set forth in R.C. 2901.13 applies to the rape offenses alleged in the indictment. We disagree.
 {¶ 8} In 1995, when the conduct giving rise to the instant charges began, R.C. 2901.13(A) (1 ) provided that the crime of rape must be prosecuted within six years. See State v. Bentley, Ashtabula App. No. 2005-A-0026, 2006-Ohio-2503, ¶ 9. By an amendment effective March 9, 1999, however, the Ohio General Assembly extended the statute of limitation for rape to 20 years. Id. at ¶ 12. As a result, R.C.2901.13(A)(3)(a) now requires a prosecution for rape to commence within 20 years after the offense is committed. Id. Further, and of significance in this case, the amendment applies retroactively to offenses committed prior to the amendment, provided that the statute of limitations for such offenses had not yet expired by March 9, 1999. Id.
 {¶ 9} Here, the crim inal conduct in question began in 1995. The six-year statute of limitations applicable at that time had not yet expired when the General Assembly's amendment of R.C. 2901.13 became effective in March 1999. Accordingly, the 20-year statute of limitations set forth in R.C. 2901.13(A)(3)(a) applies to the instant offenses. The indictment, filed by the state on February 28, 2005, was well within the 20-year *Page 4 
statute of limitations. Accordingly, the trial court correctly denied appellant's motion to dismiss on this basis. It is immaterial, contrary to appellant's argument, whether or not the corpus delicti of the crimes in question was discovered in 1996, because the statute of limitations had not expired at the time appellant was prosecuted in 2005. SeeBentley at ¶ 43, 46. Appellant's first assignment of error is therefore overruled.
 {¶ 10} Assignment of Error No. 2:
 {¶ 11} "THE TRIAL COURT VIOLATED [APPELLANT'S] DUE PROCESS RIGHTS BY DENYING HIS MOTION TO DISMISS THE INDICTMENT ON THE GROUNDS OF IT BEING BARRED BY PRE-INDICTMENT DELAY."
 {¶ 12} In his second assignment of error, appellant contends the trial court violated his due process rights by denying his motion to dismiss the indictment where the state "waited" nine years to file the instant charges after an eyewitness reported the alleged criminal conduct in 1996. Appellant contends he was prejudiced by the delay because the eyewitness passed away prior to trial and one of the victims was unavailable for trial due to active military service. We find appellant's arguments as to this issue to be without merit.
 {¶ 13} "To warrant dismissal on the basis of preindictment delay, a defendant must present evidence establishing substantial prejudice. Once the defendant fulfills that burden, the state has the burden of producing evidence of a justifiable reason for the delay." State v.Walls, 96 Ohio St.3d 437, 2002-Ohio-5059, ¶ 51. "The determination of `actual prejudice' involves `a delicate judgment based on the circumstances of each case.'" Id. at ¶ 52, quoting United States v.Marion (1971), 404 U.S. 307, 325, 92 S.Ct. 455. A court must consider "the evidence as it exists when the indictment is filed and the prejudice the defendant will suffer at trial due to the delay." Id. "In proving *Page 5 
substantial prejudice, the defendant must show the exculpatory value of the alleged missing evidence." State v. Gulley (Dec. 20, 1999), Butler App. No. CA99-02-004, 1999 WL 1238427 at *3. Further, "prejudice may not be presumed from a lengthy delay." Id.
 {¶ 14} Here, appellant argues the state engaged in prejudicial delay by failing to bring charges against him in 1996 when an eyewitness, Douglas Cope, originally reported allegations of inappropriate touching between appellant and the victims, and law enforcement officials investigated the same. Appellant maintains he was prejudiced by the state "waiting" until 2005 to prosecute him because Mr. Cope passed away in the interim, and because one of the victims, T.R., became unavailable to testify at trial because he was scheduled to be deployed to Iraq for military service.
 {¶ 15} The trial court determined appellant failed to demonstrate prejudice because the evidence lost with the death of Mr. Cope was not exculpatory in nature. The trial court further found no prejudice with respect to the unavailability of T.R. because appellant's trial counsel had the opportunity to depose T. R. prior to trial, which testimony was videotaped and played to the jury. Finally, the trial court found no due process violation occurred as a result of the alleged delay because the state did not pursue charges against appellant until it had probable cause to do so.
 {¶ 16} After reviewing the record, we agree with the trial court that appellant has failed to establish he was actually prejudiced by the alleged delay in this case. Specifically, appellant failed to demonstrate substantial prejudice because the evidence lost with the death of Mr. Cope is not exculpatory in nature. In fact, such evidence is more favorable to the state, as Mr. Cope was the individual who originally observed suspect behavior involving appellant and the victims, and reported the same to Children's Services. *Page 6 
 {¶ 17} Moreover, with respect to the unavailability of T.R., we agree that appellant has failed to demonstrate prejudice because he was able to depose T.R. prior to trial. Contrary to appellant's assertions, the Ohio Supreme Court has held that a defendant's right to confront his accuser is not violated by the accuser's unavailability to testify at trial where the defendant has the opportunity to cross-examine his accuser during a deposition, and where the state makes a "reasonable, adequate, and * * * good faith" effort to procure live testimony of the witness at trial. See State v. Smith, 87 Ohio St.3d 424, 431,2000-Ohio-450.
 {¶ 18} The record demonstrates the state moved to have T.R. deposed when it became evident he would likely be unavailable to testify at trial due to his military service. There is no indication in the record the state failed to act in good faith in seeking to procure T. R.'s presence at trial, given that his deployment for military service was a circumstance beyond the state's control. Further, appellant had the opportunity to cross-examine T.R. at a deposition taken prior to trial, during which appellant's trial counsel questioned T.R. extensively regarding his truthfulness, including his previous denials to investigators in 1996 that any abuse occurred. The jury was permitted to view a video tape of this testimony during appellant's trial, which is within the allowances of Crim.R. 15.[1]
 {¶ 19} We further find that the state has shown a justifiable reason for the delay in this case. The sate did not pursue criminal charges against appellant in 1996 because the investigation of law enforcement at that time yielded no result. In fact, all of *Page 7 
the alleged victims who were interviewed, including the two who later came forward in 2004, denied that any abuse occurred. As such, the state did not find it had enough evidence to prosecute appellant in 1996. There is no evidence demonstrating the state made this decision in an effort to gain a tactical advantage over appellant, but rather, did so to avoid prosecuting appellant with inadequate evidence to support a conviction. See U.S. v. Lovasco (1977), 431 U.S. 783, 790-791,97 S.Ct. 2044, ("prosecutors do not deviate from `fundamental conceptions of justice' when they defer seeking indictments until they have probable cause to believe an accused is guilty * * *").
 {¶ 20} Based upon the foregoing, we find no error in the trial court's denial of appellant's motion to dismiss premised upon preindictment delay. Appellant's second assignment of error is overruled.
 {¶ 21} Assignment of Error No. 3:
 {¶ 22} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO COMPEL THE STATE TO PLEAD SPECIFIC DATES IN ITS INDICTMENTAND BILL OF PARTICULARS."
 {¶ 23} In his third assignment of error, appellant argues the trial court erred by failing to compel the state to plead specific dates in its indictment and bill of particulars where the state possessed such information by virtue of its prior 1996 investigation. Appellant argues he was prejudiced by the omission of specific dates because it compromised his "preparation and presentation" of a defense. We find appellant's contention to be without merit.
 {¶ 24} The Ohio Supreme Court has held that "the failure to provide dates and times in an indictment will not alone provide a basis for dismissal of the charges." State v. Sellards (1985), 17 Ohio St.3d 169,171; see, also, State v. Hensley (1991), *Page 8 59 Ohio St.3d 136, 141. "A certain degree of inexactitude of averments, where they relate to matters other than the elements of the offense, is not per se impermissible or necessarily fatal to a prosecution."Sellards, at 171. Nevertheless, the state has a duty to exercise good faith in providing the accused with information as to the date and time of the offense. Id. at 171-172. In response to a defendant's motion for a bill of particulars, the state must supply specific dates and times regarding an alleged offense when it possesses such information. Id. at 171.
 {¶ 25} This court has previously noted that "[t]here are many instances when the state is unable to supply exact times and dates, especially in cases involving victims who are young children who may not be able to remember exact dates or when the crimes involve several instances of abuse spread out over an extended period of time."State v. Smith (Dec. 30, 1991), Butler App. No. CA91-06-104,1991 WL 278241 at *3; see, also, State v. Brewer, Warren App. No. CA2003-01-008,2003-Ohio-5880, ¶ 13. In such cases, the prosecution must set forth a time frame in the indictment and charge the accused with offenses which reasonably fall within that period. State v. Daniel (1994),97 Ohio App.3d 548, 557. "[A]bsent material detriment to the preparation of a defense, the omission of specific dates and times is without prejudice, and without constitutional significance." State v. Barnecut (1988),44 Ohio App.3d 149, 151.
 {¶ 26} As an initial matter, we note that specific dates and times are not elements of the offenses upon which appellant was indicted. As such, the record indicates the state set forth in the indictment and bill of particulars a range of time within which the conduct in question was alleged to have occurred, based upon the accounts of the victims. According to the victims, the sexual abuse perpetrated by appellant occurred on numerous occasions over the course of several years. There is no evidence *Page 9 
indicating the state possessed specific dates or times the abuse occurred, or that specific dates were ascertainable, given the pervasive nature of the conduct alleged.
 {¶ 27} In addition, we find appellant has failed to demonstrate he was prejudiced by the absence of specific dates set forth in the indictment and bill of particulars. Appellant's defense centered upon his denial the acts in question ever occurred, regardless of when the acts were alleged to have occurred. Appellant has failed to demonstrate how the absence of specific dates had any effect on his preparation of a defense in this regard. See State v. Carnes, Brown App. No. CA2005-01-001,2006-Ohio-2134, ¶ 22. Accordingly, we find no error in the trial court decision concerning appellant's motion to compel the state to plead more specifically. Appellant's third assignment of error is therefore overruled.
 {¶ 28} Assignment of Error No. 4:
 {¶ 29} "THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY DENYING HIS MOTION TO COMPEL DISCOVERY IN A TIMELY FASHION."
 {¶ 30} In his fourth assignment of error, appellant argues the trial court violated his due process rights by denying his motion to compel where the state failed to provide information concerning the prior 1996 investigation and results of tests performed on digital images retrieved from appellant's residence. Appellant contends the state failed to produce this evidence after he moved the trial court for an order compelling the same, and that the evidence was favorable to him. We find appellant's arguments as to this issue to be without merit.
 {¶ 31} Pursuant to Crim.R. 16(B)(1)(f), "[u]pon motion of the defendant before trial the court shall order the prosecuting attorney to disclose to counsel for the defendant all evidence, known or which may become known to the prosecuting attorney, favorable to *Page 10 
the defendant and material either to guilt or punishment." Crim.R. 16(E)(3) provides that "[i]f at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
 {¶ 32} This court has previously stated that "[t]he granting or overruling of discovery motions in a criminal case rests within the sound discretion of the trial court." State v. Craft,149 Ohio App.3d 176, 2002-Ohio-4481, ¶ 10. A trial court also has discretion in determining an appropriate sanction when a discovery violation occurs. See State v. Terry (1998), 130 Ohio App.3d 253, 260. Abuse of discretion connotes more than an error of law or judgment and implies that the trial court's decision was arbitrary, unreasonable or unconscionable.State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 33} Here, appellant argues he requested evidence from the state, including the results of the 1996 investigation and the results of scientific tests performed on digital images retrieved from his residence, which the state failed to timely provide him. He argues this evidence was favorable and material to the defense because it challenged the credibility of T. R. and identified the existence of possible witnesses. Appellant also contends the evidence related to his claim that T.R. placed the pornographic material on appellant's computer for which appellant was charged with a criminal offense. In so arguing, appellant alleges he was prejudiced by the fact he had to depose T.R. prior to the state providing him with the instant discovery. Appellant acknowledges that he did receive the requested discovery from the state, but argues that a "due process violation *Page 11 
had already occurred * * *" by the time he received it.
 {¶ 34} After reviewing the record, however, we find no evidence indicating the trial court found any alleged violation occurred with respect to the discovery sought by appellant. Rather, our review of the record indicates the state provided appellant with the requested discovery several months prior to trial. While appellant alleges he was under "a very strict time limit imposed * * * by the complaining witness, [T.R.]," due to T. R.'s imminent deployment overseas, there is no indication that the trial court found any violation as to when the requested discovery was provided to appellant. In fact, appellant did not file his motion to compel regarding the discovery at issue until the day before T.R. was scheduled to be deposed, and only then requested that "discovery be complete well in advance to the date of [T.R.'s deposition] * * *."[2]
 {¶ 35} Moreover, with respect to appellant's argument that he could not "completely confront his accuser in front of a jury with information impeaching his accuser's credibility," we have already found such argument to be without merit because appellant's trial counsel had the opportunity to depose T.R. prior to trial. Our review of the record indicates that appellant's trial counsel examined T.R. extensively regarding his truthfulness, referencing, among other things, the 1996 investigation and whether he had access to or ever used appellant's computer. The jury was permitted to view the videotaped deposition of T.R. at trial and determine his credibility accordingly.
 {¶ 36} We find no error in the trial court's denial of appellant's "motion to compel discovery in a timely fashion." Appellant's forth assignment of error is overruled.
 {¶ 37} Assignment of Error No. 5: *Page 12 
 {¶ 38} "THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY FAILING TO SUPPRESS EVIDENCE OBTAINED DURING A SEARCH OF HIS RESIDENCE AND BELONGINGS."
 {¶ 39} In his fifth assignment of error, appellant argues the trial court erred in denying his motion to suppress evidence recovered from his residence incident to an alleged invalid search warrant. Specifically, appellant contends the warrant was not supported by probable cause because the search warrant affidavit contained uncorroborated hearsay, stale information and did not establish the victims' credibility or veracity. We find appellant's arguments unpersuasive.
 {¶ 40} In determining whether probable cause exists to support the issuance of a warrant, courts employ a "totality-of-the-circumstances" test, which requires an issuing judge "to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit * * * including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."State v. Moore, Butler App. No. CA2005-08-366, 2006-Ohio-4556, ¶ 11, quoting State v. George (1989), 45 Ohio St.3d 325, 329.
 {¶ 41} In reviewing a finding of probable cause in a search warrant affidavit, a reviewing court "may not substitute [its] own judgment for that of the issuing magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which the reviewing court would issue the search warrant. On the contrary, reviewing courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant."George at 330. "The duty of the reviewing *Page 13 
court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." Moore, at ¶ 12.
 {¶ 42} With respect to hearsay contained in an affidavit, this court has previously found that hearsay information is relevant to a determination of probable cause. See Moore at ¶ 13. "The basis of knowledge and the veracity of the person supplying the hearsay information are circumstances that must be considered in determining the value of the information and whether probable cause exists." Id.
 {¶ 43} Further, with respect to the timeliness of information relied upon in a search warrant affidavit, there is no specific time limit indicating when information becomes stale as a matter of law. SeeState v. Schmitz (Mar. 1, 1996), Sandusky App. No. S-95-031,1996 WL 139496 at *3. Rather, the relevant determination is whether there are sufficient facts alleged in the affidavit to justify a finding that contraband is probably on the premises to be searched. Id. Ohio courts have recognized that the continuing nature of sexual offenses involving minors often justifies a finding of probable cause where the information supplied in an affidavit identifies conduct that occurred several months prior to the warrant's issuance. See State v. Thompson (C.P.2000), 110 Ohio Misc.2d 139, 145-146; State v. Young (1988), 37 Ohio St.3d 249,257.
 {¶ 44} Here, appellant argues the warrant is invalid because the credibility and reliability of the "informants," T.R. and J.R., were not established on the face of the affidavit. We find no merit in this argument. Both T.R. and J.R. were specifically identified in the affidavit, and each provided detailed information and similar first person accounts of sexual abuse perpetrated upon them by appellant. Ohio courts have previously found such information sufficient to support a finding of probable cause. See Schmitz at *4 (finding that hearsay information provided by two victims of sexual abuse *Page 14 
was sufficient to establish probable cause where the basis of their knowledge was established by their "first person accounts of their statements," and their veracity was established by their sufficiently detailed, sufficiently identical accounts of the conduct in question). The truthfulness of T.R. and J.R. would have been a circumstance to be considered by the issuing magistrate, and given their similar, first person accounts, we find there was a substantial basis for a finding of probable cause.
 {¶ 45} Appellant also argues the warrant at issue is invalid because the information supplied by the victims in the search warrant affidavit was stale. We disagree. Detective Mark Nichols executed the affidavit after T.R. and J.R. indicated to him that they had been sexually abused by appellant beginning when they were young children. In the affidavit, Detective Nichols indicated that T.R. witnessed appellant viewing child pornography in the presence of another child eight months prior to the preparation of the affidavit. It is also indicated that both T.R. and J.R. were sexually abused by appellant on several occasions and that appellant had shown them pornography and photographed them in the nude. T.R. also indicated he knew appellant kept various pornographic items in a safe on the premises to be searched. Based upon these facts, and noting that conduct involving child pornography is of a continuing nature, the trial court found, and we agree, that the information set forth in the affidavit was not stale at the time the warrant was issued.
 {¶ 46} Finally, appellant argues the affidavit is invalid for the affiant's failure to include details of the 1996 investigation. We find this contention to be without merit, however, because appellant has failed to demonstrate the affiant intentionally or recklessly omitted such information. "To successfully attack the veracity of a facially sufficient search warrant affidavit, a defendant must show by a preponderance of the evidence that the affiant made a false statement, either intentionally, or with reckless *Page 15 
disregard for the truth. Reckless disregard means that the affiant had serious doubts about the truth of an allegation. Omissions count as a false statement if designed to mislead, or made in reckless disregard of whether they would mislead, the magistrate." State v. McKnight,107 Ohio St.3d 101, 2005-Ohio-6046, ¶ 30 (internal citations omitted). Significantly, however, mere negligence in setting forth the facts relevant to a probable cause determination is insufficient to invalidate an affidavit. See Franks v. Deleware, 438 U.S. 154,171, 98 S.Ct. 2674.
 {¶ 47} The record in this case demonstrates that appellant's trial counsel examined Detective Nichols regarding the search warrant affidavit at a hearing on appellant's motion to suppress. While Detective Nichols acknowledged he did not include details of the 1996 investigation in the affidavit, wherein the victims denied any sexual abuse occurred, there is no indication that he intended to mislead the issuing authority or had serious doubts as to the victims' accounts such that the alleged omission may be considered reckless. In fact, with respect to the victims' previous denials that any abuse had occurred, Detective Nichols testified that he believes it is not uncommon for children to deny sexual abuse when they are interviewed, and therefore, did not question the victims' veracity in executing the affidavit in this case. Accordingly, we find that appellant has failed to establish the affiant intentionally or recklessly omitted information pertaining to the 1996 investigation such that the search warrant affidavit is invalid.
 {¶ 48} Based upon the foregoing, we find no error in the trial court's decision to deny appellant's motion to suppress evidence obtained pursuant to the search warrant at issue. Appellant's fifth assignment of error is overruled.
 {¶ 49} Assignment of Error No. 6: *Page 16 
 {¶ 50} "THE TRIAL COURT'S SENTENCE AS TO COUNTS ONE, TWO AND THREE ARE CONTRARY TO LAW."
 {¶ 51} In his final assignment of error, appellant challenges his sentence pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Specifically, appellant challenges the trial court's imposition of nonminimum, maximum and consecutive sentences. The state concedes appellant's contention has merit, and agrees the appropriate remedy is to remand the matter for resentencing.
 {¶ 52} In Foster, the Ohio Supreme Court ruled that portions of Ohio's statutory sentencing scheme are unconstitutional. See Foster
at ¶ 83. Among such provisions are those pertaining to the imposition of nonminimum, maximum and consecutive sentences. See id. at ¶ 97. TheFoster court severed the offending sections from the sentencing code and instructed that all cases pending on direct review in which unconstitutional sentencing provisions were utilized must be remanded for resentencing. Id. at ¶ 97-99, 104.
 {¶ 53} Here, the trial court utilized unconstitutional sentencing provisions in sentencing appellant, and as such, we must remand this case for resentencing consistent with Foster. Accordingly, appellant's sixth assignment of error is sustained.
 {¶ 54} Having reviewed the foregoing assignments of error, we affirm appellant's conviction, but reverse the trial court's sentencing decision pursuant to Foster, and remand this matter for resentencing in accordance with this opinion.
Judgment reversed as to sentencing only.
BRESSLER and WALSH, JJ., concur.
[1] Crim.R. 15(A) provides: "If it appears probable that a prospective witness will be unable to attend or will be prevented from attending a trial or hearing, and if it further appears that his testimony is material and that it is necessary to take his deposition in order to prevent a failure of justice, the court * * * shall upon motion of the defense attorney or the prosecuting attorney and notice to all the parties, order that his testimony be taken by deposition * * *." Section (F) further provides: "At the trial * * * a part or all of a deposition, so far as otherwise admissible under the rules of evidence, may be used if it appears * * * that the witness is out of the state * * *."
[2] Notably, with respect to the 1996 investigation, the record suggests that trial counsel for appellant already knew several details concerning the 1996 investigation, the circumstances of which he sought discovery from the state. The record suggests appellant's trial counsel was the prosecuting attorney in 1996 who determined there was insufficient evidence to support charges against appellant at the time due to the denials of the alleged victims. *Page 1