The STATE of Ohio, Appellee,

v.

WARREN, Appellant.

[Cite as *State v. Warren,* 168 Ohio App.3d 288, 2006-Ohio-4104.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 86854.

Decided Aug. 10, 2006.

290

292

William D. Mason, Cuyahoga County Prosecuting Attorney, Saleh Awadallah, and Mark Schneider, Assistant Prosecuting Attorneys, for appellee.

Margaret Amner Robey, for appellant.

KENNETH A. ROCCO, Judge.

{¶ 1} Defendant-appellant, Reginald Warren, appeals from his convictions for eight counts of rape with violence specifications, eight counts of gross sexual imposition, four counts of gross sexual imposition with violence specifications, and 12 counts of kidnapping with violence specifications. He contends that the 16–year delay from the time the crimes were committed until he was indicted and the 20–year statute of limitations for these offenses violated his due process

rights. He also asserts that the indictment containing 12 identical counts for each of four different offenses did not provide him with adequate notice of the individual charges. He argues that the court erroneously considered inadmissible evidence and used "uncharged and untested" allegations against him in sentencing. He claims that the kidnapping convictions should have been merged with the other offenses because the restraint of the victim was incidental to the other crimes. He urges that he has a right to have the court consider his age at the time he committed the offenses in deciding what punishment to impose and that the court erred by imposing maximum consecutive sentences.

## Procedural History

{¶ 2} On November 12, 2004, appellant was charged in a 48–count indictment concerning events that occurred from June to August 1988, when he was 15 years old. Counts 1 through 12 charged him with rape of a child under the age of thirteen. Counts 13 through 24 alleged that he had committed felonious sexual penetration. Counts 25 through 36 charged appellant with gross sexual imposition. Counts 37 through 48 charged appellant with kidnapping. Each of the 48 charges carried a violence specification.

{¶ 3} Appellant moved the court to dismiss the charges against him because of excessive preindictment delay. The court orally overruled this motion prior to trial, as well as appellant's oral motion to dismiss for lack of jurisdiction because of his age at the time the offenses occurred.

{¶ 4} Appellant waived his right to a jury trial and the matter then proceeded to trial before the court. At trial, the court heard the testimony of Cleveland Police Detective Daniel Ross; the victim, Tiffany Logan Youngblood; the victim's mother, Edith Logan Gaffney; the victim's sister, Alisa Marie Logan; the victim's former husband, Louis Williams; and Cleveland Police Officer James McPike.

{¶ 5} The victim testified that during the summer when she was nine years old, she and her younger sister stayed at the home of James Thomas while their mother was at work. Thomas lived with his cousin, a Mr. Murphy, two or three houses away from their home. Another girl, Thomas's granddaughter, was also at Thomas's house every day, and the girls played together. Thomas was crippled and would sit in a chair at the base of the stairs in the front room of the house.

{¶ 6} Appellant came to Thomas's house to help with yard work and housework. The first time anything happened, appellant entered an upstairs bedroom where the victim was playing with dolls. He started kissing her and "playing" with her breasts. The next time, appellant had her lie down on the dining room floor. He held her hands over her head, then pulled down her shorts and

inserted his finger approximately 1½ inches into her vagina. He did this on 11 or 12 occasions. He would tell her to be quiet or he would hurt her and her mother and sister and Mr. Thomas.

{¶ 7} On another eight or nine occasions, the victim testified that appellant rubbed his penis against her vagina and attempted to insert it. On another occasion, he tried to force her to perform fellatio on him. He tried to insert a brush handle into her vagina on another occasion, but Mr. Murphy called him away before he could do so.

{¶ 8} The victim said these events occurred every other day for a period of approximately two months, and appellant threatened her every time. At her mother's prompting, the victim told her mother that appellant was "messing" with her. Her mother then spoke with Mr. Thomas, and the victim did not see appellant again.

{¶ 9} At the conclusion of the state's case, appellant moved the court for a judgment of acquittal pursuant to Crim.R. 29. The court granted this motion as to four of the rape charges and all 12 of the charges of felonious sexual penetration. The court further dismissed the violence specifications with respect to eight of the charges of gross sexual imposition. Appellant presented no evidence at trial. The court found appellant guilty of each of the remaining charges and specifications. It subsequently sentenced appellant to life imprisonment on each of the eight rape charges, to be served concurrently with one another but consecutively to the other sentences; four to ten years' imprisonment on each of the four gross-sexual-imposition charges with violence specifications, to be served concurrently with one another but consecutively to the other sentences; two years' imprisonment as to three of the gross-sexual-imposition charges to be served concurrently with one another but consecutively to the other sentences; two years' imprisonment as to the remaining five gross-sexual-imposition charges, to be served concurrently with one another but consecutively to the other sentences; and 15 to 25 years' imprisonment on the kidnapping charges with violence specifications, to be served concurrently with the other sentences.

## Law and Analysis

{¶ 10} Appellant first contends that his due process rights were violated by the 16–year delay between the criminal acts and the indictment against him. The United States Supreme Court has acknowledged that "the Due Process Clause has a limited role to play in protecting against oppressive [preindictment] delay." *United States v. Lovasco* (1977), 431 U.S. 783, 789, 97 S.Ct. 2044, 52 L.Ed.2d 752. "[P]roof of prejudice is generally a necessary but not sufficient element of a due process claim * * *. [T]he due process inquiry must consider

the reasons for the delay as well as the prejudice to the accused." Id. at 790, 97 S.Ct. 2044, 52 L.Ed.2d 752.

{¶ 11} In *Lovasco,* the court held that due process is not violated by an investigative delay in prosecution, even if the defendant is somewhat prejudiced by this delay. The court distinguished investigative delay from delay undertaken for the purpose of gaining a tactical advantage, noting that an investigative delay is "not so one sided. Rather than deviating from elementary standards of 'fair play and decency,' a prosecutor abides by them if he refuses to seek indictments until he is completely satisfied that he should prosecute and will be able promptly to establish guilt beyond a reasonable doubt. Penalizing prosecutors who defer action for these reasons would subordinate the goal of 'orderly expedition' to that of 'mere speed.'" Id., quoting *Smith v. United States* (1959), 360 U.S. 1, 10, 79 S.Ct. 991, 3 L.Ed.2d 1041.

{¶ 12} In this case, the delay was not caused by government action or inaction. See, e.g., *United States v. Cruikshank* (1876), 92 U.S. 542, 554, 23 L.Ed. 588 ("The fourteenth amendment prohibits a State from depriving any person of life, liberty, or property, without due process of law; but this adds nothing to the rights of one citizen as against another. It simply furnishes an additional guaranty against any encroachment by the States upon the fundamental rights which belong to every citizen as a member of society"). The victim did not report the crime to the police until April 2004. Her delay in reporting the crime cannot be ascribed to the state for purposes of finding a violation of appellant's due process rights. Therefore, we overrule the first assignment of error.

{¶ 13} Second, appellant argues that the amendment of the statute of limitations effective March 9, 1999 violated his rights to due process. R.C. 2901.13 formerly provided for a six-year limitations period for all felonies except murder and aggravated murder. In 1999, the statute was amended to increase the limitations period to 20 years for certain crimes, including rape, gross sexual imposition, and kidnapping. 1997 Ohio H.B. No. 49. House Bill 49 provided that the amended statute of limitations "applies to an offense committed prior to the effective date of this act if prosecution for that offense was not barred under section 2901.13 of the Revised Code as it existed on the day prior to the effective date of this act."

{¶ 14} Appellant's prosecution for these 1988 offenses was not barred before the effective date of House Bill 49, because the statute of limitations was tolled because of the victim's age. Pursuant to R.C. 2901.13(F), "[t]he period of limitation shall not run during any time when the corpus delicti remains undiscovered." When the victim of a sex offense is a child, the corpus delicti generally is deemed to be discovered when the child reaches the age of majority. See *State v.*

*Elsass* (1995), 105 Ohio App.3d 277, 280, 663 N.E.2d 1019, and cases cited therein. However, when the child tells a "responsible person" who is required by law to report the events to a peace officer or children's services agency pursuant to R.C. 2151.421(A)(1), the statute of limitations begins to run as of that time, even if the child has not attained the age of majority. *State v. Hensley* (1991), 59 Ohio St.3d 136, 571 N.E.2d 711. In this case, there is no evidence that the victim reported these crimes to a "responsible person" before she attained the age of 18 in 1997. Thus, the statute of limitations did not begin to run until then and had not expired as of March 9, 1999, when the statute was amended.

{¶ 15} We have recently held that the extension of an unexpired statute of limitations is not an invalid ex post facto law. *State v. Diaz*, Cuyahoga App. No. 81857, 2004-Ohio-3954, 2004 WL 1688437, at ¶ 12; see, also, *State v. Bentley*, Ashtabula App. No. 2005–A–0026, 2006-Ohio-2503, 2006 WL 1381521. Apparently, however, appellant is arguing that a 20–year statute of limitations is unreasonable and therefore unconstitutional. He has cited no support for this proposition, and we find none. Therefore, we overrule the second assignment of error.

{¶ 16} Third, appellant argues that the indictment was insufficient to inform him of the charges because it did not distinguish the multiple allegations of the same type of wrongful conduct. Furthermore, appellant claims that the actual testimony at trial also did not distinguish the incidents of which appellant was accused and convicted.

{¶ 17} Appellant requested and received a bill of particulars. "Ambiguity, if any, in the indictment which was not cured by the bill of particulars should have been brought to the attention of the court. Since defendant made no such request or motion it is presumed he possessed sufficient notice of the charges; any error in this regard is waived." *State v. Haberek* (1988), 47 Ohio App.3d 35, 43, 546 N.E.2d 1361, quoted with approval in *State v. Endsley*, Columbiana App. No. 04–CO–46, 2005-Ohio-5631, 2005 WL 2715458, ¶ 24.

{¶ 18} To the extent that appellant challenges the sufficiency of the evidence to support his convictions, we must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime[s] proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 19} A rational trier of fact could have found the essential elements of gross sexual imposition from the first incident involved here, where appellant touched the victim's chest and threatened her with physical harm. Likewise, a rational trier of fact could also have found the essential elements of gross sexual

imposition [1] from the following events:  (1) the incident in which appellant held the victim on the dining room floor and digitally penetrated her, (2) the incident in which appellant inserted a brush handle into her vagina, and (3) the incident in which appellant attempted to force her to perform fellatio on him.  A rational trier of fact could find that appellant had raped the victim by his attempt to insert his penis into her vagina, causing her to suffer a burning sensation in her vagina for an hour or two afterward.  A rational trier of fact could find that appellant kidnapped the victim by restraining her for the purpose of engaging in sexual activity with her against her will on each of these occasions.

{¶ 20} However, we are constrained to agree that the victim's testimony that appellant inserted his penis into her vagina "eight, nine times" and that he inserted his finger into her vagina "a good 11 or 12 times" is not sufficient to support appellant's convictions of additional charges of rape and gross sexual imposition.  "[W]e cannot accept the numerical estimate which is unconnected to individual, distinguishable incidents."  *State v. Hemphill,* Cuyahoga App. No. 85431, 2005-Ohio-3726, 2005 WL 1706995, ¶ 88.  *Valentine v. Konteh* (C.A.6, 2005), 395 F.3d 626.  Accordingly, we will affirm the judgment with respect to the charges as to which we have found sufficient evidence, specifically, four of the counts of gross sexual imposition, one count of rape, and five counts of kidnapping.  The other convictions are reversed.

{¶ 21} Appellant's fourth assignment of error urges that the court erred by allowing hearsay and other inadmissible evidence to be introduced at trial and further erred by relying on it.  "[I]n a bench trial, the court must be presumed to have 'considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary.'"  *State v. Richey* (1992), 64 Ohio St.3d 353, 357–358, 595 N.E.2d 915, quoting *State v. Post* (1987), 32 Ohio St.3d 380, 384, 513 N.E.2d 754.  First, appellant complains that the victim's testimony suggested that appellant had vandalized Mr. Thomas's house.  Neither the victim nor the court suggested that the vandalism was committed by appellant; the court mentioned the vandalism in rendering its verdicts only to show why the victim perceived that her safety was still in danger if she told anyone about what had happened.  This testimony has no relevance to the charges.  There is no evidence that the court relied upon it to convict appellant.

---

1.  This conduct would constitute rape under the current statute.  However, sexual conduct was more narrowly defined at the time this offense was committed and did not include digital penetration.  Cf. *State v. Polk* (May 17, 1979), Cuyahoga App. Nos. 38832 and 38833, 1979 WL 210178 (digital penetration may constitute gross sexual imposition).

{¶ 22} Appellant also argues that the victim's former husband and the police detective who interviewed her improperly buttressed the victim's testimony. The victim's former husband testified that long before she went to the police, the victim "went berserk" when he pinned her hands down either at her side or over her head when they were having sexual intercourse. The court viewed this behavior as corroborating the victim's testimony about the details of appellant's modus operandi. Appellant did not object to the testimony of Detective McPike, and there is no indication that the court relied on his testimony in finding appellant guilty.[2] Therefore, we overrule the fourth assignment of error.

{¶ 23} Fifth, appellant contends that the court erred by failing to merge the sentences for kidnapping with the other charges. The defense did not raise this issue at trial and therefore waived all but plain error. *State v. Foust*, 105 Ohio St.3d 137, 2004-Ohio-7006, 823 N.E.2d 836, ¶ 139. For this purpose, we consider only those charges we have found to be supported by sufficient evidence.

{¶ 24} The question whether two offenses are of similar import is determined by objectively analyzing the statutory provisions at issue to determine whether the elements of the charged offenses "correspond to such a degree that the commission of one crime will result in the commission of the other." *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816. This statutory analysis is performed in the abstract, focusing solely on the elements of the offenses charged without reference to the facts of the particular case. *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, paragraph one of the syllabus.

{¶ 25} As charged in this case, gross sexual imposition and kidnapping are not allied offenses of similar import. The indictment charged appellant with sexual conduct with a child under the age of 13 years. The commission of this form of gross sexual imposition will not necessarily result in kidnapping because no restraint or removal is involved. Therefore, these offenses are not allied offenses of similar import, and R.C. 2941.25 does not apply. *State v. Hay*, Union App. No. 14–2000–24, 2000 WL 1852725; *State v. Moralevitz* (1980), 70 Ohio App.2d 20, 27–28, 24 O.O.3d 16, 433 N.E.2d 1280. Nor are the charges of rape and kidnapping allied offenses as charged in this case. Appellant was charged with engaging in sexual conduct with a child under the age of 13. R.C. 2907.02(A)(1)(b). Again, no restraint or removal was required to commit this crime. Therefore, the form of rape charged in this case does not necessarily

---

2. In finding appellant guilty, the court did rely upon the testimony of Detective Ross, whom the court incorrectly identified as Detective McPike. Detective Ross testified that although the victim's sister did not allege that appellant committed any crime against her, in questioning appellant, he was careful to refer to both the victim and her sister. Appellant's responses referred only to "Tiffany," suggesting guilty knowledge.

result in kidnapping. Cf. *State v. Logan* (1979), 60 Ohio St.2d 126, 130, 14 O.O.3d 373, 397 N.E.2d 1345 ("implicit within every forcible rape (R.C. 2907.02[A][1]) is a kidnapping"). We overrule the fifth assignment of error.

{¶ 26} Sixth, appellant asserts that the court erred by basing its sentence "on the speculative allegation that [appellant] vandalized the Thomas house." The court did not cite the vandalism incident as a factor in sentencing, much less accuse appellant of that crime. Therefore, we overrule the sixth assignment of error.

{¶ 27} Seventh, appellant claims that the mandatory life sentence required by R.C. 2907.02 is unconstitutional as applied to him because it does not allow for consideration of his juvenile status at the time he committed the offense. Although appellant does not explain the constitutional basis for his argument, we presume from his citation of *Roper v. Simmons* (2005), 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1, and *Thompson v. Oklahoma* (1988), 487 U.S. 815, 108 S.Ct. 2687, 101 L.Ed.2d 702, that he intends to argue that life imprisonment is "cruel and unusual punishment" for a 15–year–old offender.

{¶ 28} The life sentence imposed here was mandated by statute. "Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history." *Harmelin v. Michigan* (1991), 501 U.S. 957, 994–995, 111 S.Ct. 2680, 115 L.Ed.2d 836. Consideration of mitigating factors in sentencing (including the defendant's chronological age) is not constitutionally required except when the death penalty is imposed. Id.; *Rice v. Cooper* (C.A.7, 1998), 148 F.3d 747, 752.

{¶ 29} Outside the death penalty context, the Eighth Amendment does not require strict proportionality between crime and sentence but forbids only extreme sentences that are grossly disproportionate to the crime. Id. at 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836. We cannot say that a sentence of life imprisonment (with possibility of parole) is grossly disproportionate to the crime of rape of a child under the age of 13. Therefore, we overrule the seventh assignment of error.

{¶ 30} Finally, appellant claims that the court abused its discretion by sentencing him to consecutive terms of imprisonment. He argues that the consecutive sentences imposed violated the limitation set forth in R.C. 2929.41(E)(2) at the time these offenses were committed. R.C. 2929.41(E)(2) formerly provided that "[c]onsecutive terms of imprisonment imposed shall not exceed: * * * (2) An aggregate minimum term of fifteen years, * * * when the consecutive terms imposed are for felonies other than aggravated murder or

murder." The absence of a minimum term of imprisonment for the charge of rape takes this case out of the ambit of R.C. 2929.41(E)(2). *McMeans v. Adult Parole Auth.* (Oct. 27, 1998), Franklin App. No. 98AP–42, 1998 WL 767493; *State v. Gregory* (1982), 8 Ohio App.3d 184, 8 OBR 245, 456 N.E.2d 839. In any event, this statute is self-executing, automatically operating to limit the minimum term of imprisonment. *State v. White* (1985), 18 Ohio St.3d 340, 18 OBR 381, 481 N.E.2d 596. It is not a basis for reversal. Accordingly, we overrule the eighth assignment of error.

{¶ 31} For the foregoing reasons, we affirm appellant's convictions and the resultant sentences for one count of rape, four counts of gross sexual imposition with violence specifications, and five counts of kidnapping with violence specifications. We reverse his convictions for the remaining charges.

Judgment affirmed in part
and reversed in part.

GALLAGHER, P.J., and KILBANE, J., concur.