[Cite as *State v. Murrell*, 2012-Ohio-2108.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

      Plaintiff-Appellee          :          C.A. CASE NO. 24717

vs.                                    :          T.C. CASE NO. 10CR3241

DARRYL L. MURRELL                      :          (Criminal Appeal from
                                                  Common Pleas Court)

      Defendant-Appellant        :

· · · · · · · · ·

**O P I N I O N**

Rendered on the 11th day of May, 2012.

· · · · · · · · ·

Mathias H. Heck, Jr., Pros. Attorney; R. Lynn Nothstine, Asst. Pros. Attorney, Atty. Reg. No. 0061560, P.O. Box 972, Dayton, OH   45422
      **Attorneys for Plaintiff-Appellee**

David R. Miles, Atty. Reg. No. 0013841, 125 W. Main Street, Suite 201, Fairborn, OH 45324
      **Attorney for Defendant-Appellant**

· · · · · · · · ·

**GRADY, P.J.:**

{¶ 1}  Defendant, Darryl Murrell, appeals from his conviction and sentence for rape of a child under thirteen years of age.

{¶ 2}  On October 8, 2010, after school was over, eleven year old E.K. returned to his home in Dayton, Ohio.  E.K. went to the basement and asked Defendant, a friend of the

family who lives at the home and has a bedroom in the basement, if he wanted to watch a movie. Defendant told E.K. to change his clothes. When E.K. put on a pair of jeans and a tee shirt, Defendant told him to change into something else. E.K. then put on boxer shorts and pajama pants, and sat down next to Defendant on the couch in the basement to watch a movie. E.K. fell asleep during the movie.

{¶ 3} When E.K.'s brother, T.K., went down to the basement, he observed Defendant performing fellatio on E.K. while E.K. was sleeping. T.K. tried to awaken E.K. by whispering his name, and then went back upstairs.

{¶ 4} E.K. woke up and discovered that his pajama pants and boxer shorts had been pulled down, and that Defendant had his mouth on E.K.'s "private part." E.K. went upstairs and told his brother, T.K., what had happened. T.K. said he saw what Defendant had done. The two boys then reported the incident to Ci-Ci, an adult female who lived in the home. Ci-Ci called E.K.'s mother, who came home and called E.K.'s father. Police were called to the home. After talking to E.K. and T.K., police transported Defendant to the police station for questioning. Defendant confessed to performing "oral sex" on E.K. Defendant later wrote a letter to E.K. apologizing for what he had done.

{¶ 5} Defendant was indicted on one count of rape of a child under thirteen years of age, R.C. 2907.02(A)(1)(b). Following a jury trial, Defendant was found guilty as charged. The trial court sentenced Defendant to ten years to life, and classified him as a Tier III sex offender.

{¶ 6} Defendant timely appealed to this court from his conviction and sentence.

FIRST ASSIGNMENT OF ERROR

{¶ 7}   "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S OHIO CRIMINAL RULE 29 MOTION FOR ACQUITTAL."

{¶ 8}   Defendant argues that his conviction for rape is not supported by legally sufficient evidence because the State failed to prove that Defendant engaged in sexual conduct in the form of fellatio with his child victim.

{¶ 9}   In *State v. Haggerty*, 2d Dist. Montgomery No. 24405, 2011-Ohio-6705 at ¶ 19-21, we wrote:

> When considering a Crim.R. 29 motion for acquittal, the trial court must construe the evidence in a light most favorable to the State and determine whether reasonable minds could reach different conclusions on whether the evidence proves each element of the offense charged beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261. The motion will be granted only when reasonable minds could only conclude that the evidence fails to prove all of the elements of the offense. *State v. Miles* (1996), 114 Ohio App.3d 738.

> A Crim.R. 29 motion challenges the legal sufficiency of the evidence. A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. *State v. Thompkins,* (1997), 78 Ohio St.3d 380. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of *State v. Jenks* (1991), 61 Ohio

St.3d 259:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶ 10} Defendant was found guilty of rape in violation of R.C. 2907.02(A)(1)(b), which provides:

No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:

The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

{¶ 11} "Sexual conduct" includes fellatio. R.C. 2907.01(A). As we noted in *State v. Smith*, 2d Dist. Clark No. 2003CA23, 2004-Ohio-665 at ¶ 25, fellatio has been defined as "a sexual act in which the mouth or lips come in contact with the penis." Black's Law Dictionary (6th Ed. 1990) 616; *State v. Long,* 64 Ohio App.3d 615, 618, 582 N.E.2d 626 (9th Dist. 1989).

{¶ 12} In this case the evidence that Defendant performed fellatio on E.K. is overwhelming. E.K.'s brother T.K., observed Defendant's mouth on E.K.'s "private part."

When E.K. awoke, he discovered Defendant's mouth was on his "private part." Furthermore, Defendant admitted to police that he had performed oral sex on E.K.

{¶ 13} Viewing this evidence in a light most favorable to the State, a rational trier of facts could find all of the essential elements of rape, including that Defendant engaged in sexual conduct in the form of fellatio with his child victim, proven beyond a reasonable doubt. Defendant's conviction is supported by legally sufficient evidence. The trial court properly overruled Defendant's Crim.R. 29 motion for acquittal.

{¶ 14} Defendant's first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

{¶ 15} "THE TRIAL COURT ERRED IN INSTRUCTING THE JURY ON THE DEFINITION OF FELLATIO."

{¶ 16} Relying upon *State v. Shondrick*, 9th Dist. Medina No. 3216-M, 2002-Ohio-2439, Defendant argues that the trial court erred in instructing the jury on the definition of "fellatio" in accordance with the standard instruction found in Ohio Jury Instructions, Criminal, Section 507.02(A)(1) as follows: "Fellatio means a sexual act committed with the penis and the mouth."

{¶ 17} As discussed in the previous assignment of error, we have recognized that fellatio is "a sexual act in which the mouth or lips come in contact with the penis," *Smith, supra*. The evidence presented overwhelmingly demonstrates that is what occurred in this case.

{¶ 18} During a discussion about the jury instructions, defense counsel indicated a general dissatisfaction with the court's proposed definition of fellatio, but failed to identify

what changes needed to be made or how the definition should read. The trial court overruled Defendant's general objection and indicated that the definition of fellatio, which is consistent with Ohio Jury Instructions, would remain.

{¶ 19} Defendant's reliance upon *Shondrick* to support his claim that the trial court's definition of fellatio in this case was erroneous is misplaced because that case is factually distinguishable. *Shondrick* does not stand for the proposition that the definition of fellatio in Ohio Jury Instructions is deficient. Rather, in that case the trial court instructed the jury on the definition of fellatio in accordance with Ohio Jury Instructions. During deliberations, the jury asked if that definition meant that the penis and the mouth are in contact? Over Defendant's objection, the court responded to the jury's inquiry by saying that the definition doesn't require contact or touching. The Court of Appeals reversed, concluding that fellatio requires the mouth or lips to come in contact with the penis. *Id*., at ¶ 29.

{¶ 20} In the present case, the trial court did <u>not</u> instruct the jury that no contact between the mouth or the lips and the penis was required in order to commit fellatio. The court simply gave the standard O.J.I. instruction defining fellatio, which indicates that fellatio is a sexual act committed with the penis and the mouth. The jury did not request additional instructions or submit any questions on that issue. The standard O.J.I. instruction defining fellatio has been upheld. *State v. Clark*, 106 Ohio App.3d 426, 429, 666 N.E.2d 308 (3rd Dist. 1995). Defendant has failed to demonstrate that the trial court's definition of fellatio in this case was erroneous.

{¶ 21} Defendant's second assignment of error is overruled.

<u>THIRD ASSIGNMENT OF ERROR</u>

{¶ 22} "THE TRIAL COURT ERRED IN NOT INSTRUCTING THE JURY ON THE LESSER INCLUDED OFFENSES OF ATTEMPTED RAPE AND GROSS SEXUAL IMPOSITION."

{¶ 23} Defendant argues that the trial court committed error by refusing to give his requested jury instructions on the lesser included offenses of attempted rape and gross sexual imposition, which requires proof of sexual contact rather than sexual conduct.

{¶ 24} The decision whether to give a requested jury instruction is a matter left to the sound discretion of the trial court, and its decision will not be disturbed on appeal absent an abuse of discretion. *State v. Davis,* 2d Dist. Montgomery No. 21904, 2007-Ohio-6680, at ¶ 14. An abuse of discretion implies an arbitrary, unreasonable, unconscionable attitude on the part of the court. *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶ 25} An offense may be a lesser included offense of another only if (i) the offense is a crime of lesser degree than the other, (ii) the offense of the greater degree cannot be committed without the offense of the lesser degree also being committed and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. *State v. Wilkins*, 64 Ohio St.2d 382, 415 N.E.2d 303 (1980). The mere fact that an offense can be a lesser included offense of another offense does not mean that a court must instruct on both offenses whenever the greater offense is charged. *Id*. It is well settled that a charge on a lesser included offense is required only when the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser included offense. *State v. Thomas*, 40 Ohio St. 3d 213, 533 N.E.2d 286 (1988); *State v. Reese*, 2d Dist. Montgomery No. 22907, 2009-Ohio-5046.

{¶ 26} Contrary to Defendant's argument that the facts in this case support only attempted sexual conduct or sexual contact rather than sexual conduct, T.K. testified that he observed Defendant sucking on E.K.'s penis and that Defendant's head was going up and down,  E.K. testified that Defendant's mouth was on his penis, and Defendant admitted to police that he performed oral sex on E.K.  That conduct clearly constitutes fellatio, *Smith*, which is sexual conduct and not just sexual contact per R.C. 2907.01(A).  Therefore, a jury could not reasonably acquit Defendant of rape, yet convict him of attempted rape or gross sexual imposition.  As the trial court correctly  noted, on these facts Defendant is either guilty or not guilty of rape.  There are no available lesser included offenses.  The trial court did not abuse its discretion in declining to give instructions on lesser included offenses because the evidence did not warrant such instructions.

{¶ 27} Defendant's third assignment of error is overruled.

FOURTH ASSIGNMENT OF ERROR

{¶ 28} "THE TRIAL COURT ERRED IN IMPOSING A SENTENCE OF TEN YEARS TO LIFE."

{¶ 29} The trial court sentenced Defendant to a prison term of ten years to life. Defendant argues that the court was not required to impose life imprisonment as part of the sentence in this case.  In support of that claim, Defendant points to language in R.C. 2907.02(B) which indicates that for a violation of R.C. 2907.02(A)(1)(b), a person shall be sentenced to either a prison term or life imprisonment under R.C. 2971.03.  Defendant claims that R.C. 2971.03, which governs sentencing of sexually violent offenders with predator specifications, does not apply to this case.

{¶ 30} Defendant is correct in his contention that R.C. 2971.03(A) applies to sentencing of sexually violent offenders with predator specifications, and that the provision has no application to this case. However, R.C. 2971.03(B)(1)(a) does apply to Defendant's case. That section requires that for a violation of R.C. 2907.02(A)(1)(b) committed on or after January 2, 2007, the offense of which Defendant was convicted, the trial court must impose an indefinite prison term consisting of a "minimum term of ten years and a maximum term of life imprisonment," when R.C. 2971.03(A) does not apply and the trial court did not impose a sentence of life without parole under R.C. 2907.02(B). That is the case here. The trial court imposed the specific sentence required by law in this case.

{¶ 31} Defendant's fourth assignment of error is overruled.

FIFTH ASSIGNMENT OF ERROR

{¶ 32} "AN IMPOSITION OF LIFE SENTENCE FOR A CONVICTION UNDER R.C. 2907.02(A)(1)(b) CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT."

{¶ 33} Defendant argues that a sentence of life imprisonment for engaging in sexual conduct with a child under thirteen years of age in violation of R.C. 2907.02(A)(1)(b) violates the constitutional prohibition against cruel and unusual punishment. We have previously addressed this argument in cases involving engaging in sexual conduct with children ages ten and twelve and found that it lacks merit. *State v. McConnell*, 2d Dist Montgomery No. 19993, 2004-Ohio-4263; *State v. O'Dell*, 2d Dist Montgomery No. 22691, 2009-Ohio-1040. See also: *State v. Warren*, 168 Ohio App.3d 288, 2006-Ohio-4104, 859 N.E.2d 998. We decline Defendant's invitation to reconsider our decisions.

{¶ 34} Defendant's fifth assignment of error is overruled. The judgment of the trial

court will be affirmed.

FAIN, J., And DONOVAN, J., concur.

Copies mailed to:

R. Lynn Nothstine, Esq.
David R. Miles, Esq.
Hon. Barbara P. Gorman