[Cite as *State v. Larson*, 2012-Ohio-3157.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97894

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TERRY LARSON

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED IN PART,
## AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-268344

**BEFORE:**  Blackmon, A.J., Jones, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**  July 12, 2012

**APPELLANT**

Terry Larson, Pro Se
Inmate #243-247
Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Katherine Mullin
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

{¶1}   In this accelerated appeal, appellant Terry Larson ("Larson") appeals pro se the trial court's denial of his motion to correct his sentence and the trial court's issuing a nunc pro tunc sentencing entry.   He assigns the following error for our review:

> **I.  The trial court abused its discretion when acting unreasonably, using arbitrary conduct and or unconscionably disregarding appellant's rights thereby prejudicing appellant in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Articles   1 § 16 and 4 § 3 of the Ohio Constitution.**

{¶2}   Having reviewed the record and relevant law, we affirm the trial court's decision in part and remand for the nunc pro tunc entry to reflect Larson's indigence status.   The apposite facts follow.

### Facts

{¶3}   After a jury trial, Larson was convicted of four counts of rape, and one count each of gross sexual imposition and kidnapping.   The trial court imposed a sentence of consecutive 15 – 25 years for each rape and kidnapping count and a consecutive four to ten years for the gross sexual imposition count.   Larson filed a direct appeal.   This court affirmed Larson's convictions, but remanded for the trial court to resentence Larson on the gross sexual imposition charge.   *State v. Larson*, 8th Dist. No. 63001, 1993 WL 4622880 (Nov. 10, 1993).   The reason we remanded was because gross sexual imposition is a fourth-degree felony, with a maximum sentence of five years.   However, the trial court imposed a term of four to ten years in prison on the gross sexual imposition charge.

{¶4} On April 21, 1994, the trial court resentenced Larson to three to five years in prison for the gross sexual imposition count to run concurrently to the other counts. The trial court issued a new sentencing entry only for the gross sexual imposition count. The court failed to issue a judgment entry that also included the convictions for the other counts. Thus, multiple documents had to be considered to determine the aggregate sentence.

{¶5} On October 21, 2011, over 17 years after the court resentenced Larson, Larson filed with the trial court a "motion to correct ambiguous sentencing entry, per Criminal Rule 32(C)." He argued that his current sentencing entry failed to comply with *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, because multiple documents had to be considered to determine his sentence. He also requested that the trial court run each count concurrently instead of consecutively.

{¶6} The state opposed any modification of the sentence to run the counts concurrently, but agreed the sentencing entry was not compliant with Crim.R. 32(C) and attached a proposed nunc pro tunc entry to resolve the problem. The trial court denied Larson's motion to modify his sentence, but issued a nunc pro tunc entry in which it included Larson's convictions for all of the counts in one entry.

## Sentencing Entry

{¶7} In his sole assigned error, Larson argues that the trial court erred by denying his motion and committed errors in issuing the nunc pro tunc entry.

{¶8} Larson contends that the trial court's denial of his motion to correct the ambiguous sentence was inconsistent with its entering a nunc pro tunc entry correcting the entry as he requested in his motion. We conclude the trial court's denial of the motion pertained to Larson's request that the trial court run his sentences concurrently. The trial court correctly stated that it had no authority to modify a valid sentence. *State v. Clark*, 8th Dist. No. 82519, 2003-Ohio-3969. Larson's sentence was valid; the problem was that the sentencing entry the trial court issued after our remand did not contain all of the convictions. Placing all of the convictions in one journal entry to comply with Crim.R. 32(C) is an administrative function; therefore, a nunc pro tunc entry was the correct mechanism for correcting the entry. *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535.

{¶9} Larson's contention that he was never served with the trial court's nunc pro tunc entry is moot. The docket indicates that the trial court directed the clerk to send a copy of the order to Larson at the Grafton Correctional Institution. Larson nonetheless contends he never received the entry. We conclude that any error in Larson not receiving the entry is moot because he obviously had notice of the entry by virtue of his appeal, and he was able to file an appeal from the journal entry within 30 days of it being issued. Thus, no harm resulted.

{¶10} Larson also contends that the trial court erred by not ordering that the minimum term for his aggregate sentences was 15 years. Former R.C. 2929.41(E)(2), which existed at the time of his original sentencing, imposed an aggregate minimum cap of 15 years on consecutive sentences. The Ohio Supreme Court has held that former

R.C. 2929.41(E)(2) did not apply to definite sentences; in other words, the 15-year limitation applied only to the aggregate minimum term of indefinite sentences. *State ex rel. Mora v. Wilkinson*, 105 Ohio St.3d 272, 2005-Ohio-1509, 824 N.E.2d 1000; *Yonkings v. Wilkinson*, 86 Ohio St.3d 225, 226-228, 1999-Ohio-98, 714 N.E.2d 394. Because Larson received a definite sentence on each charge, this provision does not apply to his sentence. Moreover, the statute is self-executing. That is, it automatically operates to limit the minimum term of imprisonment; therefore, it cannot form the basis for reversal. *State v. White*, 18 Ohio St.3d 340, 481 N.E.2d 596 (1985); *State v. Warren*, 168 Ohio App.3d 288, 2006-Ohio-4104, 859 N.E.2d 998, ¶ 30 (8th Dist.).

{¶11} Lastly, Larson contends that the nunc pro tunc entry does not reflect the action taken, because unlike the original judgment entry, it does not include that he was found indigent. The state argues that the nunc pro tunc entry only operates to correct the resentencing entry and does not replace the original entry. In the instant case, however, the trial court included in the nunc pro tunc entry everything from the original and resentencing orders, except for the finding that Larson is indigent. Therefore, for the sake of clarity, we remand for the trial court to include in the nunc pro tunc entry that Larson is indigent.

{¶12} Larson also contends the trial court erred by ordering in the nunc pro tunc entry that he pay costs. However, our review of the original sentencing entry indicates the original sentencing judge did order Larson to pay costs. "R.C. 2947.23 requires a judge to assess costs against all convicted criminal defendants, and waiver of costs is permitted — but not required — if the defendant is indigent." *State v. White*, 103 Ohio

St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14.  The Ohio Supreme Court expressly stated that "a trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence."  *Id.* at paragraph one of the syllabus.  Therefore, although a defendant is declared indigent, the declaration does not prohibit a court from assessing costs against the indigent defendant.  The trial court did not err in ordering Larson to pay costs.   Accordingly, Larson's assigned error has merit in part.

**{¶13}** Judgment affirmed in part and remanded for correction of the journal entry.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
SEAN C. GALLAGHER, J., CONCUR