OPINION
{¶ 1} Appellant, Charles Feltner, appeals from his conviction in the Greene County Common Pleas Court of theft in violation of R.C. 2913.02
(A) (1) and one count of receiving stolen property in violation of R.C.2913.51 (A) after a jury trial. Feltner received two concurrent sentences of seventeen months. *Page 2 
 {¶ 2} In August 2003, Appellant's spouse of twenty-seven years, Suzanne, filed for divorce. In 1996 the Feltners purchased a pontoon boat. On January 13, 2004, Appellant transferred title of the boat to his daughter, Sandy Fosnot. On September 2, 2004, Suzanne was awarded a divorce from Appellant. The Greene County Domestic Relations Court awarded Suzanne the boat and trailer in a decree filed on September 13, 2004. Appellant did not appear at the final divorce hearing because he was under the mistaken belief the court would be unable to proceed without him. (T. 170). Immediately after the hearing, Suzanne went to Indian Lake and removed the boat from the water and placed it in a storage facility called Space on Space in Beavercreek, Ohio. Suzanne was unaware the Appellant had transferred title of the boat to his daughter.
 {¶ 3} On April 13, 2005, when Sandy Fosnot learned from Suzanne that Suzanne had been awarded the boat in the divorce, she transferred title to Suzanne. Two days later, the owner of Space on Space discovered someone had broken into the storage facility and stolen Suzanne's boat and trailer.
 {¶ 4} On May 28, 2005, Officer Gregory Keefer, a part-time officer with the Ohio Department of Natural Resources at Indian Lake, contacted Appellant to question him about the stolen boat and trailer. Keefer said Appellant told him he offered fifty dollars a piece to two "street guys" to get his boat back from his wife. Appellant told Keefer the men got the boat back for him. Keefer said Appellant showed him titles to the boat and trailer with his daughter's name on the titles. (T. 142). Keefer said Appellant showed him the boat with an expired registration. Keefer said he reported the information he learned from Appellant to the Greene County Sheriff's Department but took no further action regarding the boat. Before resting, the State produced Bureau of Motor Vehicles records which indicated that Suzanne *Page 3 
Feltner was the titled owner of the boat and trailer as of April 15, 2005.
 {¶ 5} Appellant testified in his own behalf that he did not show up at his final divorce hearing because his attorney told him, "they can't have a divorce — if both parties don't agree on everything to make it legal . . ." (T. 181). He testified he received a certified copy of his divorce decree and the part where his wife got the boat, but he did not believe it. (T. 184). Appellant said he approached two men on the street in Springfield, Ohio, in February 2005 and offered each of them fifty dollars to locate his boat. He said he did not know where his boat was located, but they got his boat back for him on May 28, 2005 and delivered it to him in Greene County.
 {¶ 6} Appellant testified he transferred the boat's title to his daughter to prevent his wife from getting it in the divorce. (T. 206). He said he did not believe the divorce decree had any legal effect because he did not appear at the hearing. He said he believed he still legally owned the boat at the time he paid the men to get it back for him. (T. 204).
 {¶ 7} At the conclusion of the trial, Appellant's counsel requested the court give the jury the "mistake of fact" instruction found in the Ohio Jury Instructions. Counsel agreed that Appellant had testified he believed he was the owner of the boat and trailer at the time he asked the men to locate it and retrieve it for him. In denying counsel's request for the mistake of fact instruction, the trial court noted that Appellant had transferred title to his daughter and knew the title was out of his name, and Appellant knew the boat had been awarded to his wife in the divorce decree, but chose to throw the decree in the trash. (T. 220).
 {¶ 8} In his first assignment of error, Appellant contends the trial court erred in denying the requested instruction because he testified he did not believe his divorce had *Page 4 
been finalized and he thought his daughter was the rightful owner of the boat.
 {¶ 9} The State argues that the trial court did not err in refusing to give the instruction because the court instructed on the mental state of "knowingly" required to commit the offenses and it implicitly negates a mistake of fact defense. In any event, the State argues Appellant knew he had transferred title of the boat to his daughter and had no legal claim to it at the time of the offenses. The State's argument is well taken in part.
 {¶ 10} "Mistake of fact is widely recognized as a defense to specific intent crimes such as theft since, when the defendant has an honest purpose, such a purpose provides an excuse for an act that would otherwise be deemed criminal. Farrell v. State (1877), 32 Ohio St. 456. When defendant, due to a mistake of fact, does not have the specificmens rea required by the statute, the maxim ignorantia factiexcusat applies." State v. Snowden (1982), 7 Ohio App.3d 358, 363. In this matter, the trial court did not err in denying the defendant's requested instruction because the defendant admitted that he transferred title to the boat and trailer to his daughter prior to the theft. The trial court was not required to give the mistake of fact instruction unless mistake of fact could be reasonably supported by any view of the evidence. It was not reasonably supported by Appellant's testimony at trial. The first assignment of error is Overruled.
 {¶ 11} In his second assignment, Appellant contends the trial court erred in permitting Deputy Sharon Leaming to render a legal opinion that was unresponsive to the jury question that was asked. At the conclusion of Deputy Leaming's testimony, a juror submitted the following question — "how do you determine who is the rightful owner of the boat?" Deputy Leaming replied:
 {¶ 12} "A. The title of ownership that was produced it had the complainant's name *Page 5 
which was Suzanne Feltner, and it also then had who was the past owner that would have signed the trailer, or the boat over to her. And it's basically like your title for a vehicle, and that's how I determined that."
 {¶ 13} Appellant contends that the witness's answer called for a legal conclusion. We disagree. The deputy merely stated she determined the rightful owner of the boat by referring to the boat's title. The question was not improper and the answer was not unresponsive. The second assignment of error is Overruled.
 {¶ 14} Judgment of the trial court is Affirmed.
 Wolff, P.J., and Grady, J., concur. *Page 1