[Cite as *State v. Haggerty*, 2011-Ohio-6705.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee           :       C.A. CASE NO. 24405

vs.                              :       T.C. CASE NO. 09CR3077

STEVEN E. HAGGERTY              :

    Defendant-Appellant          :

. . . . . . . . .

O P I N I O N

Rendered on the 23rd day of December, 2011.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Andrew T. French, Asst. Pros. Attorney, Atty. Reg. No. 0069384, P.O. Box 972, Dayton, OH  45422

    Attorneys for Plaintiff-Appellee

Michael C. Thompson, Atty. Reg. No. 0041420, 5 N. Williams Street, Wright-Dunbar Business Village, Dayton, OH 45402-2843
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Steven E. Haggerty, appeals from his convictions for aggravated theft, R.C. 2913.02(A)(3), (B)(3), and attempted grand theft, R.C. 2913.02(A)(3), 2923.02(A).

{¶ 2} In 2007, when she was eighty-seven years of age, Roma

Flora executed a general power of attorney in favor of her son, Steven E. Haggerty, in order to allow him to pay her bills and manage her financial affairs. Thereafter, over a period of approximately two years, Haggerty appropriated over $60,000 from his mother's depository accounts to his own use. He also took gold coins worth $21,450 and $21,984 belonging to his mother, and Defendant caused her to convey the title to her condominium to him by quit-claim deed.

{¶3} When his mother learned of Haggerty's thefts she reported them to police. Haggerty was charged by Indictment with two theft offenses.

{¶4} Count One of the Indictment charges a violation of R.C. 2913.02(A)(3). That section provides:

{¶5} "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services . . . [b]y deception."

{¶6} R.C. 2913.02(B)(3) provides, in pertinent part:

{¶7} "If the value of the property or services stolen is one hundred thousand dollars or more, theft from an elderly or disabled person is a felony of the first degree."

{¶8} Count One of the Indictment alleged that Haggerty, "with purpose to deprive the owner, to wit: Roma Flora, an elderly or disabled person, of property, did knowingly and by deception, obtain or exert control over said owner's property, to wit: U.S.

Currency having a value of One Hundred Thousand Dollars ($100,000) or more."

{¶ 9} Count Two of the Indictment charged an attempted violation, R.C. 2923.02(A), of R.C. 2913.02(A)(3), specifying that Haggerty "did purposely or knowingly engage in conduct that, if successful, would have constituted or resulted in the offense of Grand Theft of over $25,000 (elderly or disabled person.)"

{¶ 10} R.C. 2913.02(B)(3) provides, in pertinent part:

{¶ 11} "If the value of the property stolen is twenty-five thousand dollars or more, and is less than one hundred thousand dollars, theft from an elderly person or disabled adult is a felony of the second degree."

{¶ 12} Being an attempted offense, per R.C. 2923.02(E)(1) the violation charged in Count Two of the Indictment is a felony of the third degree.

{¶ 13} R.C.2913.01(CC) provides:

{¶ 14} "'Elderly person' means a person who is sixty-five years of age or older."

{¶ 15} Defendant was convicted of the offenses with which he was charged, following a bench trial. The court entered a judgment of conviction that imposed a three year prison term for each offense, to be served concurrently. The court also ordered Defendant "to pay complete restitution to Roma Flora for economic loss in the amount of Nineteen Thousand, One Hundred Twenty-Six

Dollars and Fifty-Three Cents ($19,126.53)."

{¶ 16} Defendant filed a timely notice of appeal from the judgment of conviction.

### FIRST ASSIGNMENT OF ERROR

{¶ 17} "THE STATE'S EVIDENCE WAS INSUFFICIENT TO SUPPORT GUILT OF THEFT FROM AN ELDERLY OR DISABLED ADULT AND ATTEMPT TO COMMIT GRAND THEFT BEYOND A REASONABLE DOUBT."

{¶ 18} Defendant argues that the trial court erred in overruling his Crim.R. 29 motion for acquittal because his convictions for theft from an elderly person or disabled adult, count one, and attempted theft from an elderly person or disabled adult, count two, are not supported by legally sufficient evidence.

{¶ 19} When considering a Crim.R. 29 motion for acquittal, the trial court must construe the evidence in a light most favorable to the State and determine whether reasonable minds could reach different conclusions on whether the evidence proves each element of the offense charged beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261. The motion will be granted only when reasonable minds could only conclude that the evidence fails to prove all of the elements of the offense. *State v. Miles* (1996), 114 Ohio App.3d 738.

{¶ 20} A Crim.R. 29 motion challenges the legal sufficiency of the evidence. A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element

of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. *State v. Thompkins,* (1997), 78 Ohio St.3d 380. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of *State v. Jenks* (1991), 61 Ohio St.3d 259:

{¶ 21} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶ 22} Count One of the indictment charges that Defendant, having a purpose to deprive the owner, Roma Flora, an elderly or disabled person, of property, did knowingly and by deception obtain and exert control over said owner's property, to wit: U.S. Currency having a value of $100,000.00 or more, in violation of R.C. 2913.02(A)(3), (B)(3).

{¶ 23} The total value of the stolen property was determined to be approximately $204,249.55, consisting of $60,845.55 in checks Defendant wrote on his mother's bank accounts, $21,420.00 worth of gold coins Defendant took from his mother's safety deposit box,

$24,984.00 worth of gold coins that were to be shipped to his mother's home that Defendant diverted to himself, and the value of his mother's condominium, $97,000.00, the title to which Defendant got his mother to convey to him.

{¶ 24} Defendant argues that the evidence was insufficient to support his conviction on Count One because the value of U.S. Currency that was stolen was not $100,000 or more, as the indictment alleged. However, the particular form of the property that was stolen is not an essential element of a violation of R.C. 2913.02(A)(3). The articles stolen need only be "property" belonging to another with a value in excess of the specified amount. The evidence was sufficient to prove that allegation. The reference to "U.S. Currency" is mere surplusage that may be stricken from an indictment or motion. Crim.R. 7(C).

{¶ 25} Defendant further argues that with respect to the money he stole by writing checks on his mother's bank accounts to pay for his personal expenses, the amount of restitution the trial court ordered Defendant to pay, $19,126.53, necessarily reflects the value of the property he stole, and therefore he should have been convicted of only a third degree felony per R.C. 2913.02(B)(3).

R.C. 2929.18(A)(1) authorizes the sentencing court to order "[r]estitution by the offender to the victim of the offender's crime . . ., in an amount based on the victim's economic loss." There was evidence that Defendant had returned most of the stolen

property prior to trial. For example, Defendant provided prosecutors a certified check in the amount of $45,000.00. He also executed a deed reconveying title to the condominium to his mother. The value of his mother's net "economic loss" for purposes of restitution is therefore not determinative of the value of her property Defendant stole.

{¶ 26} Defendant also argues that the property belonging to his mother that he appropriated to his own use and/or name was not obtained by deception, because he acted pursuant to the authority his mother granted him in her power of attorney.

{¶ 27} R.C. 2913.01(A) provides:

{¶ 28} "'Deception' means knowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact."

{¶ 29} Roma Flora testified that she executed the power of attorney with an understanding that Defendant would exercise the power to her use and benefit, not his own, and that she never authorized Defendant to engage in the transfers which are the subject of the theft charges against him. She also testified that her blindness prevented her from understanding the nature and

result of the quit-claim deed she executed at Defendant's request. That evidence was sufficient to prove the element of deception in the violation of R.C. 2913.02(A)(3) alleged in the indictment.

{¶ 30} Finally, Defendant argues that the evidence was insufficient to prove the offense of Attempted Grand Theft of property belonging to his mother valued in excess of $25,000, as charged in Count Two of the Indictment.

{¶ 31} Defendant admitted that on May 4, 2009, he contacted Triangle Credit Union and asked to close his mother's account and to cut him a check for the money in that account in the amount of $36,000.00. Defendant further admitted that on June 3, 2009, he contacted MetLife and asked to close his mother's account and to issue him a check for the money in that account in the amount of $42,967.22. Defendant did these things <u>after</u> he was told by his mother's attorney that his power of attorney had been revoked. These checks were never cashed, however, because stop payment orders were issued by the payors after they found out that Defendant's power of attorney had been revoked. That evidence was sufficient to prove the attempted grand theft offense charged in Count Two.

{¶ 32} The first assignment of error is overruled.

<u>SECOND ASSIGNMENT OF ERROR</u>

{¶ 33} "THE CONVICTIONS FOR THEFT FROM AN ELDERLY OR DISABLED ADULT AND ATTEMPT TO COMMIT GRAND THEFT ARE AGAINST THE MANIFEST

WEIGHT OF THE EVIDENCE."

{¶ 34} Defendant argues that his convictions for theft and attempted theft from an elderly person are against the manifest weight of the evidence because the trier of facts, the trial court, lost its way in choosing to believe the testimony of the State's witnesses, particularly Roma Flora, whose memory of what happened is confusing, illogical and inconsistent.

{¶ 35} A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive. *State v. Hufnagle* (Sept. 6, 1996), Montgomery App. No. 15563. The proper test to apply to that inquiry is the one set forth in *State v. Martin* (1983), 20 Ohio App.3d 172, 175:

{¶ 36} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord: *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52.

{¶ 37} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. *State v. DeHass* (1967), 10 Ohio St.2d 230. In *State v. Lawson* (August 22, 1997), Montgomery App. No. 16288, we observed:

{¶ 38} "Because the factfinder . . . has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the fact finder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the fact finder, who has seen and heard the witness."

{¶ 39} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict. *State v. Bradley* (Oct. 24, 1997), Champaign App. No. 97-CA-03.

{¶ 40} Defendant claims that the money and property he took from his mother was a loan, rather than theft, and that she permitted him to use her money to pay for his personal expenses, but that she forgot due to a failing memory as a result of old age. That claim is belied by this record.

{¶ 41} Defendant's mother demonstrated a good recollection of when

{¶ 42} she did and did not loan money to family members, including past loans she made to Defendant. She was certain that she never gave Defendant permission to use her money and assets

to pay for his personal expenses, never gave Defendant permission to take the gold coins out of her safety deposit box or intercept the shipment of gold coins heading to her home, never gave Defendant permission to keep those coins, and did not knowingly transfer ownership of her condominium to Defendant.

{¶ 43} The credibility of the witnesses and the weight to be given to their testimony were matters for the trier of facts, the trial court here, to decide. *DeHass*. The trial court did not lose its way simply because it chose to believe Roma Flora and the other State's witnesses, rather than Defendant, which it had a right to do. *Id*.

{¶ 44} Reviewing this record as a whole, we cannot say that the evidence weighs heavily against a conviction, that the trier of facts lost its way in choosing to believe the State's witnesses, or that a manifest miscarriage of justice has occurred. Defendant's convictions are not against the manifest weight of the evidence.

{¶ 45} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.

FAIN, J., And DONOVAN, J., concur.

Copies mailed to:

Andrew T. French, Esq.
Michael C. Thompson, Esq.
Hon. Connie S. Price