[Cite as *State v. Thaxton*, 2012-Ohio-4184.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee              :          C.A. CASE NO. 24868

vs.                                    :          T.C. CASE NO. 11-CRB-2820

ELVIS THAXTON                          :          (Criminal Appeal from the
                                                     Common Pleas Court)
    Defendant-Appellant            :

· · · · · · · ·

**O P I N I O N**

Rendered on the 14th day of September, 2012.

· · · · · · · ·

Troy B. Daniels, Atty. Reg. No. 0084957, 335 West Third Street, Room 372, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

Andrew D. Lucia, Atty. Reg. No. 0067191, P.O. Box 122, Troy, Ohio 45373
    Attorney for Defendant-Appellant

· · · · · · · ·

GRADY, P.J.:

{¶ 1} Defendant Elvis Thaxton appeals from his conviction and sentence for theft, R.C. 2913.02(A)(1), and criminal trespass, R.C. 2911.21(A)(2).

{¶ 2} In the early morning hours of April 5, 2011, while Defendant was driving Richard McElfresh and Brian Barnett home from work, as he often did, Defendant decided to

stop to pick up some scrap metal. Defendant pulled into the parking lot of Venture Manufacturing, which was closed for the night. He saw a man and woman loading scrap metal from a red hopper into their truck. Defendant confronted the couple and asked them if they had permission to take the scrap metal. When they admitted that they did not, Defendant told the couple to transfer the scrap metal from their truck to his own.

{¶ 3} After the scrap metal was transferred, the couple drove away. Dayton Police Officer Grieshop saw the truck speeding away from the closed business and followed it. In the meantime, Defendant and his passengers pulled out of the lot after the first truck, falling in behind the police cruiser. Officer Grieshop initiated a traffic stop of the first truck, using his cruiser to block the road in order to stop Defendant as well. Officer Grieshop approached Defendant's truck and saw the scrap metal in the bed of the truck.

{¶ 4} Officer Grieshop placed Defendant in his cruiser while he went to speak with the two occupants of the first truck. After other officers arrived, Officer Grieshop spoke with Defendant, who told Officer Grieshop that he had caught the couple taking scrap metal and he was going to call the police. Defendant explained that he told the couple to unload their truck and put the metal into his truck because he had permission to remove the metal, while they did not.

{¶ 5} Officer Grieshop was able to contact two representatives of Venture, Merle Cyphers, Venture's tool room leader, and Joseph Zak, the vice president of sales and marketing and part owner of Venture. Cyphers explained that all scrap metal is placed in and around the red hoppers in the parking lot. Cyphers and Zak advised the officer that no one is allowed to take the scrap metal because the company sells it to Franklin Iron and Metal for recycling. Only Franklin has permission to remove the scrap metal. All Venture

supervisors are fully aware of this policy, which has been in effect for several years, and they are periodically reminded of the policy whenever scrap metal prices rise.

{¶ 6} Defendant was arrested and charged by criminal complaint with criminal trespass, R.C. 2911.21(A)(2), a fourth degree misdemeanor, and petty theft, R.C. 2913.02(A)(1), a first degree misdemeanor. Defendant pled not guilty to the charges. The case was tried to the court. At trial, Merle Cyphers and Joseph Zak testified, consistent with their statements to Officer Grieshop.

{¶ 7} Defendant testified that a year or two earlier he had seen two well-dressed men leaving the Venture building. He spoke with the men in the parking lot, and they identified themselves as Tim and Scott. As a result of his conversation with the men, Defendant began to occasionally remove scrap metal from Venture's parking lot. Cyphers and Zak stated that there had been no employees named Tim or Scott over the past two or three years.

{¶ 8} Defendant admitted on cross-examination that he never asked Tim or Scott for their last names, nor did he ask what their job titles were or if they even worked for Venture. He acknowledged that people who do not work for Venture could be found in the company's parking lot. Finally, Defendant admitted that he knew that Venture was closed at the time that he was in the lot and that no one should be on the company's property after hours without permission.

{¶ 9} At the close of the State's case, Defendant made a Crim.R. 29 motion for acquittal, which was denied. The trial court found Defendant guilty of both charges and sentenced him to 180 days in jail, which was suspended. Defendant was also ordered to complete the theft prevention program.

{¶ 10} Defendant appeals, raising two assignments of error, both of which challenge the sufficiency of the State's evidence.

{¶ 11} First Assignment of Error:

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING APPELLANT GUILTY OF ALL CHARGES BECAUSE THE STATE'S EVIDENCE WAS INSUFFICIENT TO SUSTAIN CONVICTIONS."

{¶ 12} Second Assignment of Error:

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT OVERRULED THE APPELLANT'S RULE 29 MOTION."

{¶ 13} In *State v. Haggerty,* 2d Dist. Montgomery No. 24405, 2011-Ohio-6705, ¶ 19-21, we wrote:

> When considering a Crim.R. 29 motion for acquittal, the trial court must construe the evidence in a light most favorable to the State and determine whether reasonable minds could reach different conclusions on whether the evidence proves each element of the offense charged beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261. The motion will be granted only when reasonable minds could only conclude that the evidence fails to prove all of the elements of the offense. *State v. Miles* (1996), 114 Ohio App.3d 738.
>
> A Crim.R. 29 motion challenges the legal sufficiency of the evidence. A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element

of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. *State v. Thompkins* (1997), 78 Ohio St.3d 380. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of *State v. Jenks* (1991), 61 Ohio St.3d 259:

> "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶ 14} Defendant was convicted of theft in violation of R.C. 2913.02(A)(1), which states: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent." Defendant was also convicted of criminal trespass in violation of R.C. 2911.21(A)(2), which states: "No person, without privilege to do so, shall * * * [k]nowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender knows the offender is in violation of any such restriction or is reckless in that regard."

{¶ 15} With regard to his challenge of each conviction, Defendant bases his

arguments on the issue of consent. He insists that he had been granted permission to enter the Venture premises and remove the scrap metal from Venture by Tim and Scott, and had never been restricted as to the time of day he could remove the metal.

{¶ 16} However, the State's evidence showed that only Venture's three owners have the authority to allow someone to remove scrap metal from the company's property. And, because Venture sells its scrap metal for profit, only Franklin has been given permission to remove scrap metal from the red hoppers on Venture's property. From that evidence, reasonable minds could find, beyond a reasonable doubt, that Defendant lacked the consent of its owners to exert control over the scrap metal in his truck, and was not privileged to enter Venture's property for the purpose of acting as he did.

{¶ 17} If "Tim and Scott" existed and, in circumstances in which a reasonable person would believe them, told the Appellant that he could be on the premises and take the scrap, a trier of fact could have found that the State did not prove the necessary *mens rea* - i.e., that the Appellant acted without consent and with purpose to deprive the owner of the property. *Morissette v. United States*, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952).

{¶ 18} "Mistake of fact is widely recognized as a defense to a specific intent crime such as theft since, when the defendant has an honest purpose, such a purpose provides an excuse for an act that would otherwise be deemed criminal." *State v. Feltner*, Greene 2d Dist. App. No. 06-CA-20, 2007-Ohio-866, ¶ 10 (internal citations omitted).

{¶ 19} Appellant's testimony about the alleged consent came after the State's case and is, therefore, not encompassed in the assignment of error dealing with a Rule 29 motion at the conclusion of the State's case. Regardless, given the facts of the offense, the testimony of the employees, and the vagueness of the circumstances surrounding the alleged

consent, the trier of fact was certainly justified in rejecting any such defense and in finding the Appellant acted with the requisite *mens rea*.

{¶ 20} "Even if we accept [Defendant's] belief that [his] actions were justified, the sincerity of this belief did not create a privilege to engage in otherwise criminal conduct." *Cincinnati v. Flannery,* 176 Ohio App.3d 181, 2008-Ohio-1437, 891 N.E.2d 775, ¶ 7 (1st Dist.).   The evidence, when viewed in a light most favorable to the prosecution, was sufficient to support each element of the offenses of theft and criminal trespass.

{¶ 21} Defendant's first and second assignments of error are overruled.   The judgment of the trial court will be Affirmed.

Fain, J., And Froelich, J., concur.

**Copies mailed to:**

**Troy B. Daniels, Esq.**
**Andrew D. Lucia, Esq.**
**Hon. Christopher D. Roberts**